IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROUTE 66 PLAZA d/b/a ROUTE 66 PLAZA
and/or ROUTE 66 PLAZA, LLC and/or ROUTE
66 PLAZA d/b/a WILLIAM GARDNER,
JARDINERO INVESTMENTS, LLC, NM
CENTER FOR COSMETIC AND FAMILY
DENTISTRY d/b/a KIRTLAND DENTAL,
and/or NM CENTER FOR COSMETIC AND
FAMILY DENTISTRY PA, and WILLIAM
GARDNER individually,

      Plaintiffs,

    vs.                              Civ. No. 25-462 KWR/SCY

BENCHMARK INSURANCE COMPANY,
COTERIE INSURANCE AGENCY LLC, and
NEXT INSURANCE US COMPANY,

      Defendants.

## ORDER TO FILE RULE 7.1 NOTICES AND AMEND COMPLAINT

This matter comes before the Court sua sponte, following its review of the Complaint. Doc. 1. Plaintiffs filed this action in federal court citing diversity jurisdiction. *Id.* ¶ 12. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). The party invoking jurisdiction bears the burden of establishing the requirements for federal jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

The complaint invokes diversity jurisdiction, but does not contain an allegation as to the citizenship of any party, nor does it state an amount in controversy. In the absence of these allegations, Plaintiffs have not satisfied their burden of establishing federal jurisdiction. Therefore, the Court orders Plaintiffs to file an amended complaint alleging the citizenship of each party as well as the amount in controversy. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").[1]

The Court further notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). In keeping with this intent, the Court orders all

---

[1] The Court grants leave to Plaintiffs to amend the jurisdictional allegations *only*. For any other amendment to the complaint, Plaintiffs must proceed via Federal Rule of Civil Procedure 15(a).

parties (all Plaintiffs and all Defendants) to file a Rule 7.1 citizenship disclosure statement within 14 days of the date of this Order.

**IT IS HEREBY ORDERED** that all parties shall file a citizenship disclosure statement that fully complies with Rule 7.1(a)(2) no later than August 11, 2025.

**IT IS HEREBY ORDERED** that Plaintiffs amend the complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than August 25, 2025.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by August 25, 2025, the Court may dismiss this action without prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE