**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROUTE 66 PLAZA, LLC,
JARDINERO INVESTMENTS, LLC,
NM CENTER FOR COSMETIC AND
FAMILY DENTISTRY P.A., and WILLIAM
GARDNER,

Plaintiffs,

v. Case No. 1:25-cv-00462 KWR/SCY

BENCHMARK INSURANCE COMPANY,
COTERIE INSURANCE AGENCY LLC, and
NEXT INSURANCE US COMPANY,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiffs' Motion for Reconsideration (Doc. 37). After issuing two orders to show cause, the Court dismissed this case for lack of subject matter jurisdiction, concluding that Plaintiffs failed to assert factual allegations establishing subject matter jurisdiction, in their original complaint and last proposed amended complaint.

The Court set forth six reasons why Plaintiffs' last proposed amended complaint (Doc. 33-1) failed to establish diversity jurisdiction. *See* Opinion, Doc. 35. Certain Defendants oppose granting the motion to reconsider, asserting that the last proposed amended complaint failed to establish diversity jurisdiction. But they admit that Plaintiffs may theoretically be able to assert diversity jurisdiction in the future and they would prefer this case proceed in this court. Having considered the briefing and the relevant law, the Court **GRANTS** in part the Motion to Reconsider (Doc. 37). The Court directs Plaintiffs to file a fourth motion for leave to amend complaint.

## BACKGROUND

Plaintiffs brought various state law claims against their insurers regarding property damage resulting from burglaries or vandalism. Those claims are as follows:

Count I: Breach of Contract

Count II: Unfair Insurance Claim Practices

Count III: Violations of the New Mexico Unfair Trade Practices Act

Count IV: Bad Faith

*See generally* Compl., Doc. 1. The complaint wholly failed to allege the citizenship of any of the parties. *See Id*.

Judge Yarbrough issued an order to show cause, which noted in part:

> The complaint invokes diversity jurisdiction, but does not contain an allegation as to the citizenship of any party, nor does it state an amount in controversy. In the absence of these allegations, Plaintiffs have not satisfied their burden of establishing federal jurisdiction. Therefore, the Court orders Plaintiffs to file an amended complaint alleging the citizenship of each party as well as the amount in controversy.

Order to Show Cause, Doc. 22 at 2. Judge Yarbrough directed in part that "Plaintiffs amend the complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than August 25, 2025." Doc. 22 at 3.

Plaintiffs subsequently filed their first motion for leave to amend, which attempted to add jurisdictional allegations. *See* Doc. 28-1 at ¶¶ 1-3, 5, 12, 13. However, as Judge Yarbrough noted in a subsequent order to show cause, Plaintiffs' proposed amended complaint (Doc. 28-1) failed to sufficiently allege the citizenship of the parties. Moreover, the complaint alleged that Plaintiff William Gardner was a citizen of California while Defendant Next Insurance US company asserted

it was a citizen of California, thus defeating complete diversity. Judge Yarbrough issued another order to show cause. Doc. 29.

In response, Plaintiffs filed a motion to amend complaint and a response to the order to show cause. Docs. 31, 32. Plaintiffs asserted that they propose to drop Defendant Next Insurance US Company. Doc. 32 at 3. However, the proposed amended complaint continued to name Defendant Next Insurance in the caption. That same day, Plaintiffs filed another motion to amend their complaint. Doc. 33.

## II. **<u>The Court dismissed the case without prejudice for failure to demonstrate diversity jurisdiction</u>.**

Because Plaintiffs failed to establish subject matter jurisdiction after the issuance of two orders to show cause, the Court dismissed this case for lack of subject matter jurisdiction. The Court issued a ruling which reasoned in part as follows:

> **I. <u>Plaintiffs failed to plead factual allegations establishing subject matter jurisdiction, and the Court dismisses this case without prejudice</u>.**
>
> It is undisputed that the original complaint wholly fails to allege the citizenship of any of the parties. At issue is whether the latest proposed amended complaint (Doc. 33-1) alleges factual allegations establishing the citizenship of the parties sufficient to assert diversity jurisdiction. The Court concludes the proposed amended complaint does not and therefore the Court dismisses this case without prejudice for lack of subject matter jurisdiction.
>
> **A. Legal Standard.**
>
> "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). *See also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."); *Markley v. U.S. Bank Nat'l Ass'n*, 2025 WL 1739390, at *3 (10th Cir. June 24, 2025).

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.' " *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006), *quoting in part Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006).

When, as here, "a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007).

**B. Plaintiffs do not assert federal question jurisdiction.**

Plaintiffs have not alleged any federal claims. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiffs only plead state law claims. Therefore, it appears that the Court does not have federal question jurisdiction over this case.

**C. Plaintiffs do not assert factual allegations establishing diversity jurisdiction.**

Moreover, Plaintiffs' proposed amended complaint (Doc. 33-1) does not establish that diversity jurisdiction exists. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

As explained below, Plaintiffs failed to identify the citizenship of every party or failed to plead factual allegations necessary to ascertain citizenship. Therefore, the Court concludes that Plaintiffs' proposed amended complaint (Doc. 33-1) fails to demonstrate that the Court has diversity jurisdiction.

Plaintiffs must plead factual allegations in support of jurisdiction and not mere legal conclusions. "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.' " *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir. 1994) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (plaintiff cannot "offer mere legal conclusions."). Plaintiffs must allege "the underlying facts

supporting each of the requirements for [] jurisdiction." *Leite,* 749 F.3d at 1122. Furthermore, the facts alleged to show the citizenship of the party in question must satisfy the plausibility pleading standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

At least one party to this case is an individual. An individual is a citizen of the state where he or she is domiciled. "An individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "When it comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014).

The remaining parties appear to be entities. "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). As noted below, Plaintiffs do not clearly identify the types of each entity.

Generally, a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 713 (10th Cir. 2012). Thus, a corporation can be a citizen of multiple states. A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010). As explained below, Plaintiffs do not assert factual allegations establishing the principal place of business and the place of incorporation of every incorporated party.

An LLC takes the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). "When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018); *see also Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238. As explained below, Plaintiffs do not identify the members of the LLCs, which could include individuals, corporations, or other LLCs. Plaintiffs also do not allege facts establishing the citizenship of each member of an LLC. The Court finds that Plaintiffs have not established the citizenship of each member of the LLCs.

First, Plaintiff William Gardner summarily asserts that he is a citizen of the state of California. Doc. 33-1 at ¶ 5. Plaintiff Gardner does not allege any facts

establishing his domicile, but merely asserts the legal conclusion that he is a citizen of California. As explained above, a party cannot merely assert mere legal conclusions in support of diversity jurisdiction.

Second, the latest proposed amended complaint fails to allege the principal place of business of Plaintiff NM Center for Cosmetic and Family Dentistry, P.A. Doc. 33-1 at ¶ 3. An incorporated entity is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. Therefore, Plaintiff has failed to sufficiently allege the citizenship of Plaintiff NM Center for Cosmetic and Family Dentistry.

Third, it is unclear whether Defendant Benchmark is incorporated or unincorporated. Doc. 33-1 at ¶¶ 11-13. Whether Benchmark is incorporated or an LLC bears on the factual allegations necessary to assert its citizenship. For example, Plaintiffs assert that Defendant Benchmark is a wholly owned subsidiary of Trean Insurance Group, Inc., which is a wholly owned subsidiary of Altaris, LLC. Doc. 33-1 at ¶ 11. If Benchmark were an LLC, Plaintiffs would have to establish the citizenship of Trean Insurance Group, Inc. by pleading its place of incorporation *and* its principal place of business. Plaintiffs did not do so. Alternatively, if Defendant Benchmark were incorporated, Plaintiffs have not pleaded factual allegations establishing Benchmarks' *principal* place of business. Doc. 33-1 at ¶ 12.

Fourth, Plaintiffs' proposed amended complaint fails to identify the members of Defendant Coterie Insurance Agency, LLC or assert factual allegations establishing the citizenship of those members. As explained above, an LLC takes the citizenship of its members. Plaintiffs assert that Defendant Coterie Insurance Agency, LLC is a "wholly owned subsidiary" of Coterie Applications, Inc. Doc. 33-1 at ¶¶ 14-15. Plaintiffs do not allege that Coterie Applications, Inc. is a member of Defendant Coterie Insurance Agency. Assuming they did, Plaintiffs do not allege the principal place of business of Coterie Applications, Inc., and therefore fail to establish its citizenship.

Fifth, Plaintiffs' proposed amended complaint fails to list the members of Plaintiff Jardinero Investments, LLC. Plaintiffs assert that it is "organized under the State of New Mexico… and therefore a citizen of the State of New Mexico." Doc. 33-1 at ¶ 2. As explained above, an LLC takes the citizenship of each of its members. Here, Plaintiffs failed to plead the members of Jardinero Investments or the factual allegations establishing the citizenship of each member. If Plaintiff William Gardner is the sole member of Jardinero Investments, LLC, Plaintiffs failed to plead that, and the Court will not assume he is. *See* Doc. 33-1 at ¶ 2.[1]

[1] The Court is aware that Plaintiffs' disclosure statement states that the New Mexico Secretary of State website lists William Gardner as a member of Plaintiff Jardinero Investments. Doc. 24. This is not pleaded in the proposed amended complaint (Doc. 33-1), and the disclosure statement otherwise does not state whether William Gardner is the sole member, or whether there are other

Sixth, Plaintiffs assert that Plaintiff Route 66 is an LLC "organized under the State of New Mexico" and therefore "a citizen of the state of New Mexico." Doc. 33-1 at ¶ 1. But Plaintiffs do not plead the members of Route 66 or plead factual allegations establishing the citizenship of each member. Again, the Court cannot assume that Plaintiff William Gardner is the sole member without any allegations asserting he is the sole member.

Finally, Plaintiffs' proposed amended complaint continues to list Defendant Next Insurance in the caption as a party. As explained in Judge Yarbrough's order, if Plaintiff William Gardner and Defendant Next Insurance are both citizens of California, Plaintiffs have failed to establish complete diversity.

**D. Conclusion.**

Plaintiffs failed to carry their burden of establishing diversity jurisdiction. "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, [] courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction. The party seeking the exercise of jurisdiction in his favor must allege in his pleading *the facts* essential to show jurisdiction." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013–14 (10th Cir. 2018) (emphasis added) (internal citations and quotation marks omitted). To carry their burden to establish diversity jurisdiction, Plaintiffs must plead factual allegations establishing the citizenship of each party. *Id.* Here, Plaintiffs' failed to plead factual allegations establishing subject matter jurisdiction in their proposed amended complaint (doc. 33-1), for the reasons stated above.

Moreover, the Court granted Plaintiffs multiple opportunities to correct the record. Judge Yarbrough issued two orders to show cause, and Plaintiffs filed three motions to amend their complaint. *See* Docs. 22, 28, 29, 31, 33. The Court need not give unlimited opportunities to counseled parties to plead diversity jurisdiction. Moreover, Plaintiffs have not requested jurisdictional discovery, and they have not argued that they are unable to obtain the necessary facts to assert diversity jurisdiction.

Because Plaintiffs have failed to carry their burden of pleading subject matter jurisdiction, the Court dismisses this case without prejudice. *See, e.g., Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 WL 7321637, at *5 (10th Cir. Nov. 7, 2023) (where the party with the burden of establishing jurisdiction fails to identify the citizenship of each party or show that the court has diversity jurisdiction in a removed case, case should be remanded).

---

members. Rather, the disclosure statement merely describes what is on the New Mexico Secretary of State website and does not set forth who in fact the members are. This is peculiar, given that Plaintiffs would have the information to set forth its members.

*See* Doc. 35.

## LEGAL STANDARD

Plaintiffs' motion for reconsideration proceeds under Fed. R. Civ. P. 59(e), as it was filed within 28 days of the entry of judgment. "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting in part *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). However, Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

However, "[Rule 59(e)] may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks and citation omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *Banister v. Davis*, 590 U.S. 504, 508 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

## DISCUSSION

**I. <u>The Court did not err in concluding that Plaintiffs' last proposed amended complaint failed to adequately allege subject matter jurisdiction</u>.**

Plaintiffs request that the Court set aside the dismissal for failure to show subject matter jurisdiction under Federal Rules of Civil Procedure 59(e), 60(a), 60(b)(1), (4), and (6), and 61. The Court concludes that it did not err in concluding that Plaintiffs' original complaint and last proposed amended complaint (Doc. 33-1) failed to adequately plead subject matter jurisdiction.

*First*, Plaintiffs assert that the Court failed to consider whether their latest proposed amended complaint established subject matter jurisdiction. *See* Doc. 37 at 5-6. The Court disagrees. This is a clear misunderstanding of the Court's opinion. The Court considered and analyzed Plaintiffs' last proposed amended complaint, finding that it did not establish subject matter jurisdiction. The Court noted as follows:

> It is undisputed that the original complaint wholly fails to allege the citizenship of any of the parties. At issue is whether the latest proposed amended complaint (Doc. 33-1) alleges factual allegations establishing the citizenship of the parties sufficient to assert diversity jurisdiction. The Court concludes the proposed amended complaint does not and therefore the Court dismisses this case without prejudice for lack of subject matter jurisdiction.

Opinion at 3, Doc. 35. The Court's citations are primarily to the Plaintiffs' latest Motion to Amend Complaint (Doc. 33). *See, e.g.,* Opinion at 6, Doc. 35 ("the latest proposed amended complaint fails to allege…"). The Court identified six defects in pleading diversity jurisdiction in latest proposed amended complaint, and cited to the latest proposed amended complaint. *See* Opinion at 4-8, Doc. 35 (citing Doc. 33-1). Therefore, Plaintiffs' assertion that the Court failed to consider the latest proposed amended complaint is a clear misunderstanding of the Court's opinion.

*Second,* to the extent Plaintiffs assert that the Court erred by requiring Plaintiffs to present evidence at the pleading stage, the Court disagrees. The Court did not require evidence. Rather, the Court stated that "[i]t is undisputed that the original complaint wholly fails to allege the

citizenship of any of the parties. At issue is whether the latest proposed amended complaint (Doc. 33-1) alleges factual allegations establishing the citizenship of the parties sufficient to assert diversity jurisdiction." Opinion at 3, Doc. 35. The Court concluded that Plaintiffs "failed to plead factual allegations establishing subject matter jurisdiction in their proposed amended complaint (doc. 33-1)." *Id.* at 9. Thus, the Court appropriately focused on the allegations in the proposed amended complaint.

*Third,* Plaintiffs assert that the Court erred by not giving them sufficient notice of the defects in pleading the citizenship of the parties. The Court disagrees. Judge Yarbrough issued an order to show cause, which noted in part:

> The complaint invokes diversity jurisdiction, but does not contain an allegation as to the citizenship of any party, nor does it state an amount in controversy. In the absence of these allegations, Plaintiffs have not satisfied their burden of establishing federal jurisdiction. Therefore, the Court orders Plaintiffs to file an amended complaint alleging the citizenship of each party as well as the amount in controversy.

Order to Show Cause, Doc. 22 at 2. Judge Yarbrough directed in part that "Plaintiffs amend the complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than August 25, 2025." Doc. 22 at 3. This was sufficient notice that subject matter jurisdiction was at issue.

Relatedly, Plaintiffs assert that the Court should not have required them to identify the citizenship of the members of the LLC, or should have issued an additional order to show cause instructing them how to plead the citizenship of an LLC. "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears

the burden of proving its existence by a preponderance of the evidence."); *Markley v. U.S. Bank Nat'l Ass'n*, 2025 WL 1739390, at *3 (10th Cir. June 24, 2025). Plaintiffs bear the burden of pleading the citizenship of LLCs, and the Court adequately alerted Plaintiffs in the Order to Show Cause (Doc. 22) that they failed to allege the citizenship of the parties. Doc. 22 at 2. Plaintiffs fail to cite to any authority that the Court is required to instruct counseled parties how to plead subject matter jurisdiction after alerting them that they failed to plead the citizenship of the parties.

*Fourth,* Plaintiffs assert that "the Court takes issue with Plaintiffs' inability to sift through the complicated layers of Defendant's entities." Doc. 37 at 8. But Plaintiffs have the burden to plead the citizenship of the parties, not the Court or Defendants. Moreover, in response to the orders to show cause, Plaintiffs did not assert that they were unable to obtain information on the citizenship of the parties, or that they needed discovery to obtain their citizenship. *See, e.g.,* Docs. 28, 33. Plaintiffs do not cite to authority that Rule 7.1 relieves them of their burden to adequately plead subject matter jurisdiction. *See* Fed. R. Civ. P. 7.1 Committee Notes – 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). Moreover, Plaintiffs failed to adequately plead the citizenship of the Plaintiffs. *See* Opinion at 6-8, doc. 35. Plaintiffs did not explain why they were unable to plead their own citizenship.

Rather than being *unable* to obtain facts supporting citizenship, it appears that any deficiencies were based on not knowing how to plead the citizenship of parties. As the Court explained in its Opinion, Plaintiffs failed to plead the citizenship of both Plaintiffs and Defendants. *See* Opinion at 4-8, Doc. 35. In some cases, Plaintiffs merely pleaded legal conclusions. In other

cases, they failed to plead citizenship of the members of LLCs. For the reasons stated in the Court's Opinion, Plaintiffs failed to adequately plead subject matter jurisdiction.

Finally, Plaintiffs do not assert that the Court should rely on the disclosure statements over the proposed amended complaint. The proposed amended complaint (Doc. 33-1), filed approximately two months after the issuance of the disclosure statements, differs substantially from the disclosure statements. They do not explain why the disclosure statements differ substantially from the allegations pleaded in the latest proposed amended complaint (Doc. 33-1).

Therefore, the Court did not err in concluding that Plaintiffs' last proposed amended complaint (Doc. 33-1) failed to establish subject matter jurisdiction.

## II. The Court will set aside the judgment to allow Plaintiffs to file a fourth motion for leave to amend complaint.

Although Plaintiffs' original complaint and last proposed amended complaint failed to establish diversity jurisdiction, the Court will give Plaintiffs another opportunity to establish subject matter jurisdiction. Defendants oppose in part granting the motion to reconsider, asserting that Plaintiffs' proposed amended complaint does not establish diversity jurisdiction. But they do not state that Plaintiffs would be unable to plead facts establishing diversity jurisdiction in the future. *See, e.g.,* Doc. 38 at 4 ("To the extent that Plaintiffs insist upon litigating the issues raised in the Amended Complaint, Benchmark and Coterie would prefer the litigation to remain in this Court. However, Benchmark and Coterie agree with the Court's Memorandum Opinion and Order that Plaintiffs have failed to adequately confirm the existence of complete diversity of citizenship necessary to trigger the Court's subject matter jurisdiction, thus warranting dismissal."). Defendants further take the position that Plaintiffs may file a new case in federal court adequately asserting diversity jurisdiction. *Id.* at 6-7.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "Because there is no dispute that complete diversity exists, we see no reason why amendment should not be allowed [on appeal]." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025). Given that the parties do not dispute that Plaintiffs may be able to establish diversity jurisdiction in the future, the Court will allow Plaintiffs to file a fourth motion for leave to file amended complaint.

The Court directs Plaintiffs to file a fourth motion for leave to file amended complaint, complying with relevant precedent. Plaintiffs must attached a proposed amended complaint. In that proposed amended complaint, Plaintiffs must plead factual allegations in support of jurisdiction and not mere legal conclusions. "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.' " *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir. 1994) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (plaintiff cannot "offer mere legal conclusions."). Plaintiffs must allege "the underlying facts supporting each of the requirements for [] jurisdiction." *Leite,* 749 F.3d at 1122. Furthermore, the facts alleged to show the citizenship of the party in question must satisfy the plausibility pleading standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

An individual is a citizen of the state where he or she is domiciled. "An individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "When it

comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014).

The remaining parties appear to be entities. "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

Generally, a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 713 (10th Cir. 2012). Thus, a corporation can be a citizen of multiple states. A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010).

Unincorporated entities, such as an LLC, take the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). "When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018); *see also Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238. Thus, Plaintiffs must allege the factual allegations establishing the citizenship of each member of the LLC.

## CONCLUSION

Plaintiffs' original complaint and last proposed amended complaint (Doc. 33-1) failed to establish subject matter jurisdiction. However, given that the parties do not dispute that Plaintiffs

may be able to establish diversity jurisdiction in the future, the Court will allow Plaintiffs to file a fourth motion for leave to file amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 37) is **GRANTED IN PART**. The judgment is set aside and this case is reopened.

**IT IS FURTHER ORDERED** that Defendants shall file an amended citizenship disclosure statement that fully complies with Rule 7.1(a)(2) no later than **fourteen (14) days** from the entry of this order. The disclosure statements must adequately state the citizenship of each defendant and the citizenship of each member of any LLCs.

**IT IS FURTHER ORDERED** that Plaintiffs shall move to amend the complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **twenty-eight (28) days** from the entry of this order. Plaintiffs shall attach a proposed amended complaint to the motion. If the proposed amended complaint is not timely filed or does not meet the requirements set forth above, the Court may dismiss this action without prejudice.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE